**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

v.                                                            Criminal Case No: 1:14-cr-11-3

**MARVIN PIERRE LEDBETTER, JR.,**
        **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Marvin Pierre Ledbetter, Jr., in person and by counsel, Craig Erhard, appeared before me on, 2014. The Government appeared by Shawn Morgan, Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Six of the Indictment.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that Defendant had previously been offered a prior plea agreement in which he would plead guilty to a violation of 18 U.S.C. § 924(c), a firearms crime. The Government further represented that because Defendant may be subject to classification as a career offender, the instant plea agreement is more favorable because it provides him with a more favorable Sentencing Guidelines range. The Court inquired whether counsel for Defendant had discussed the prior agreement and how it was less favorable with Defendant, and counsel responded that he had. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement

filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court inquired of Defendant concerning his understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Marvin Pierre Ledbetter, Jr., only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The Court then inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned then reviewed with Defendant Count Six of the Indictment and the elements the government would have to prove, charging him with aiding and abetting possession with intent to

distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), and 18 U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Six of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of three (3) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also understood that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count Six, that being imprisonment for a period of 188 months, to be followed by three (3) years of supervised release. Defendant further understood that any monetary penalties, fees and/or restitution would be determined by the District Court.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the

3

expressly-stated term of imprisonment and supervised release, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether she accepted his plea agreement; and if she did not follow or refused to accept the sentencing provisions set forth in the agreement, he would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence within the statutory maximum earlier addressed. Upon inquiry, Defendant further understood that the District Judge would utilize the advisory Sentencing Guidelines to assist her in deciding whether to accept or reject his plea agreement and the binding sentence contained therein. The undersigned also advised, and Defendant started that he understood, that the Sentencing Guidelines are no longer mandatory. Defendant further stated his attorney showed him how the advisory Guidelines chart worked.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct.  Did you discuss with your attorney that you have a right to appeal your conviction and sentence under 18 U.S.C. § 3742 to the Fourth Circuit Court of Appeals?

Def. Yes.

Ct.  Did you discuss with your attorney that you may collaterally attack or challenge the sentence and how it's being carried out by filing a motion under 28 U.S.C. § 2255, commonly called a habeas corpus motion?

Def. Yes.

Ct.  Mr. Ledbetter, do you understand from your written plea agreement that you give up or waive your right to directly appeal your conviction and sentence to the Fourth Circuit Court of Appeals and you give up your right to collaterally attack or challenge that sentence by filing a writ of habeas corpus motion if the District Judge agrees to the binding sentence and sentences you to

      188 months of incarceration?

Def.    Yes.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government or other persons, including his own attorney, other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Six of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after she had an opportunity to review the pre-sentence investigation report, would the District Judge adjudicate the Defendant guilty of the offense contained in Count Six of the Indictment and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea

agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Thereupon, Defendant, Marvin Pierre Ledbetter, Jr., with the consent of his counsel, Craig Erhard, proceeded to enter a plea of **GUILTY** to Count Six of the Indictment.

Usually, the Court would hear the testimony of a Government witness to provide an independent basis in fact for Defendant's plea. However, the parties stipulated that the Government would provide a proffer to support such an independent basis in fact. The Government proffered that between November 26 and December 6, 2013, the Greater Harrison County Drug Task Force made a series of controlled purchases of oxycodone at a residence located at 90 Blane Street in Clarksburg, West Virginia, which is located within the Northern District of West Virginia. Subsequently, Detective Robert Root obtained a federal search warrant, which was executed at the 90 Blane Street residence on December 19, 2013. At that time, Defendant was secured in a rear bedroom that he had entered after exiting a bathroom with co-defendant Dye. Officers seized 150 30 mg oxycodone pills from a plastic bag that was found in a pipe at the base of the toilet. Officers had to remove the toilet from the base to retrieve that plastic bag. Officers also recovered United States currency, some of which was buy money, from a cabinet under the bathroom sink. $3,122.00 in United States currency was found in co-defendant Dye's pants pockets.

Officers also recovered a handwritten "owe sheet" showing amounts that co-defendant Murphy owed to Dye and Defendant. Another handwritten "owe sheet" showed amounts owed by Murphy and co-defendant Farnsworth for oxycodone use. Paperwork seized from Defendant showed that Dye, Ledbetter, and Daniels were the occupants of a vehicle that had been stopped by police in Ohio and from which United States currency had been seized. This paperwork indicated that Defendant, Dye, and Daniels were residents of Michigan and were traveling in a rental vehicle that had been observed at the 90 Blane Street residence. Officers also seized two firearms, once of which was located on the floor of the living room. The living room was used by Defendant, Dye, and Daniels for sleeping while they stayed at the 90 Blane Street residence. The officers' investigation revealed that Dye and Defendant distributed oxycodone to Farnsworth and Murphy for redistribution to individuals in the Clarksburg area. When individuals came to the residence to purchase oxycodone, Defendant, Dye, and Daniels would remain in a room behind a blanket to attempt to conceal their identities.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Six of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Six of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum

statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Six of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Six of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 14th day of March, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE